Michael **BUSA** and Steven
**Mpistolarides, Plaintiff,**

v.

Eugene **BARNES, Defendant.**

Peter **LOGISIOS, Plaintiff,**

v.

Eugene **BARNES, Defendant.**

Nos. 84 C 6525, 84 C 10358.

United States District Court,
N.D. Illinois, E.D.

July 11, 1986.

Charles A. Linn, Arnold & Kadjan, Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel, Mary L. Smith, Arthur N. Christie, Asst. Corp. Counsels, Chicago, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Before the Court is plaintiffs' motion to reconsider an order dismissing Count III of the Third Amended Complaint. In its previous Order, the Court held that the Per-

sonnel Code of the City of Chicago (CODE) (Rule IX, § 2) did not limit the discharge of probationary employees to the conduct of the employee during the probationary period. *Busa v. Barnes*, 646 F.Supp. 615, 616 (1986). The Court found its holding was compelled by the unambiguous language of Rule IX, §§ 2 and 3.

On this motion to reconsider, plaintiffs submit internal memoranda of the Department of Personnel (DEPARTMENT). Plaintiffs insist the memoranda are further support for the position they took in opposition to Barnes' motion to dismiss Count III. Specifically, plaintiffs cite *Gutierrez v. City of Chicago*, 605 F.Supp. 973, 976 (N.D.Ill.1985) and argue the memoranda support the view that the Code requires the dismissal of probationary employees to be based on an employee's conduct during the probationary period. Barnes counters with two arguments. First, he contends the language of the Code is clear—probationary employees are at will employees. Accordingly, the Court need not (indeed, may not) consider Department's internal memoranda in reaching a construction of Rule IX. Judge Decker appears to agree with Barnes' argument. *See Fontano v. City of Chicago*, 646 F.Supp. 599, 602 & n. 3 (N.D.Ill., 1985). Barnes' second argument is that even if the internal memoranda are considered, they are not inconsistent with the Code. Barnes says the memoranda do no more than suggest some of the factors a department head *may* consider in assessing probationary employees. The Court agrees with both of Barnes' arguments.

The first memorandum is dated January 10, 1984 and is from the Commissioner of Personnel (COMMISSIONER) to all new probationary employees. Pltf's Ex. A at 1. The memorandum states seven factors included in the rating of probationary employees. The statement of factors contains no limiting language which suggests exclusivity. And even if such a suggestion were made, a later section of the memorandum is to the contrary. The final page of the memorandum places only procedural limita-

tions upon a Department Head's suspension or discharge of probationary employees. Pltf's Ex. A at 3. Probationary employees may be suspended by a Department Head and have no right to review of that decision. *Id.* Probationary employees may be discharged by a Department Head after the Commissioner received written notification. *Id.* The memorandum contains no other limitations or qualifications for the suspension or discharge of probationary employees.

The second memorandum (Pltf's Ex. B) is dated May 3, 1984 and is from the Commissioner to all Department Heads. The memorandum directs that "rating forms" for probationary employees will not be used and goes on to state "examples of conduct [which] should be among the factors considered" in the evaluation of probationary employees. The memorandum lists 27 factors, some of them more general than others. The memorandum, however, neither states nor implies that the listed factors comprise the exclusive list of reasons for discharging probationary employees. Nor does the memorandum state or imply that a Department Head's consideration must be limited to conduct occurring within the probationary period. Indeed, several of the listed factors direct attention to events occurring outside the probationary period. *See* Pltf's Ex. B 1–3, Nos. 1 (fraud in securing employment), 3 (sale, delivery or use of controlled substance), 11 (conduct prohibited by local, state or federal law) and 26 (failure to disclose information). Thus, the second memorandum offers plaintiffs no support.

Plaintiffs are correct in their contention that Judge Rovner's decision in *Gutierrez* conflicts with this Court's construction of Rule IX. But there are several reasons why this Court declines to follow *Gutierrez*. *Gutierrez* denied a motion to dismiss a due process claim based on Rule IX and Department's memorandum (Pltf's Ex. A). The judge thought Rule IX and the January 10 memorandum could support a "mutually explicit understanding" between Department and its probationary employees that such employees would be discharged

only for cause. *Gutierrez*, 605 F.Supp. at 976–77. In reaching that conclusion, however, *Gutierrez* did not consider several factors which this Court finds convincing. For example, *Gutierrez* makes no mention of the latter portion of the January 10th memorandum. *See* Pltf's Ex. A at 31 (mentioning only procedural qualifications regarding suspension or discharge of probationary employees). Nor does *Gutierrez* discuss the May memorandum. *See* Pltf's Ex. B (listing factors which include conduct of probationary employees outside probationary period). Finally, *Gutierrez* does not explain with any degree of precision how the January 10th memorandum is in conflict with the unambiguous language of Rule IX. *See Fontano, supra,* at n. 3. For these reasons, the Court declines to follow *Gutierrez* and concludes the motion for reconsideration must be denied. The parties are ordered to file a joint discovery plan with the Court (*see* Fed.R.Civ.P. 26(f)) within 21 days of the date of this Order. The discovery plan may be filed in chambers between the hours of 10:00 a.m. and 4:00 p.m.

IT IS SO ORDERED.